**In re: Application of Pocono Mountain Lake Estates Community Association From Denial of the Pa. Liquor Control Board of Application for New Club License**

*John T. Stieh,* for applicant.
*Thomas Kilroe,* for Liquor Control Board.

THOMSON, *P.J.*, March 21, 1983—Pocono Mountain Lake Estate Community Association ('PMLECA") is before this court on appeal from a denial by the Pennsylvania Liquor Control Board of an application for a new club liquor license. The board denied the license of PMLECA because there was no showing of necessity and that the applicant was not a "club" as defined by 47 P.S. § 1-102. A hearing de novo was conducted before this court on December 7, 1982.

From the testimony presented at the hearing de novo, we make the following

## FINDINGS OF FACT

1. PMLECA was incorporated on August 17, 1973 under the laws of Pennsylvania with its address and activities in Pike County, Pa.

2. Among the assets of PMLECA is a clubhouse which is an adequate facility to accommodate the members and serve the general recreational purposes of the organization.

3. There is no convenient establishment with a liquor license near Pocono Mountain Lake Estates.

## DISCUSSION

The key issue in this case is a legal one. The Liquor Control Board raises the argument that PMLECA is not a "club" under 47 P.S. § 1-102. That section states:

'Club' shall mean any reputable group of individuals associated together not for profit for legitimate purposes of mutual benefit, entertainment, fellowship or lawful convenience, having some primary interest and activity to which the sale of liq-

uor or malt and brewed beverages shall be only secondary, which, if incorporated, has been in continuous existence and operation for at least one year, and if first licensed after June sixteenth, one thousand nine hundred thirty-seven, shall have been incorporated in this Commonwealth, and, if unincorporated, for at least ten years, immediately preceding the date of its application for a license under this act, and which regularly occupies, as owner or lessee, a clubhouse or quarters for the use of its members. Continuous existence must be proven by satisfactory evidence. The board shall refuse to issue a license if it appears that the charter is not in possession of the original incorporators or their direct or legitimate successors. *The club shall hold regular meetings, conduct its business through officers regularly elected, admit members by written application, investigation and ballot,* and charge and collect dues from elected members and maintain such records as the board shall from time to time prescribe, but any such club may waive or reduce in amount, or pay from its club funds, the dues of any person who was a member at the time he was inducted into the military service of the United States or was enrolled in the armed forces of the United States pursuant to any selective service act during the time of the member's actual service or enrollment. (Emphasis supplied.)

Specifically, the Liquor Control Board urges that PMLECA does not admit its members by written application, investigators and ballot. While this case is indeed a close one, we hold that PMLECA is not a "club" within the statutory definition and, therefore, is not entitled to a club liquor license.

Upon examination of PMLECA's by-laws and rules, we hold that PMLECA may induct members

by means other than written application, investigation and ballot. We specifically looked to Article III, Section 1, 2 and 8(a) and (c). Those sections state:

## ARTICLE III—MEMBERSHIP AND VOTING RIGHTS

Section 1. All property Owners are required to become Members of the Association as stipulated in provision 14 of Schedule "A". This Association shall be owned and operated by the Members thereof, which Members shall consist of various classes with qualifications, rights and privileges as hereinafter set forth.

Section 2. Classes of Membership.

a. Lot owner Member shall be any person or persons or entity who, or which, has acquired title to one or more lots in the development as above described.

b. Home owner Member shall be any person, persons or entity upon whose lot or lots there has been constructed or erected a dwelling structure approved by the Association or its predecessor in title and function.

Secion 8. Transfer of Membership.

a. A member shall not be privileged to resign or transfer his/her membership, so long as he continues to own or control property in the community development.

c. When a transfer of property is made, it is the obligation of the selling owner to advise the buying Owner of his/her becoming a member by virtue of the transfer.

The cumulative effect of these by-laws demonstrates that the key requirement of membership is not an application procedure but lot or home ownership. Particularly instructive on this issue is section 8(c) which provides for the automatic transfer

of membership on the transfer of property. Witnesses for PMLECA did testify that an application procedure does exist for the admission of members. The plain wording of the by-laws, however, show that other means are available for membership in PMLECA. 47 P.S. § 1-102 does not provide for means other than an application process. We, therefore, hold that PMLECA is not entitled to a club liquor license.

We need not rule on the necessity of the license issue because of our holding on the club membership issue.

## ORDER

And now, March 21, 1983, PMLECA's application for a club license is denied for the reasons stated herein.

## CONCLUSIONS OF LAW

Respondent has violated Disciplinary Rules 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and, 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

## RECOMMENDED DISPOSITION

This hearing committee [  ] recommends that respondent, [  ], be administered a Private Reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania.

## ORDER

And now, May 4, 1983, the report and recommendation of hearing committee [  ] dated De-

cember 14, 1982 is accepted; and it is ordered and decreed, that the said [Respondent] of [   ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.

Mr. Krawitz, Mrs. Hammerman and Mrs. Neuman dissent and would recommend a Public Censure.